No. 06-543C
(Judge Horn)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

BRYCE F. LOCKWOOD,

Plaintiffs
v.

THE UNITED STATES,

Defendant.

---

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

---

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRYANT G. SNEE
Deputy Director

DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel. (202) 616-0170
Fax. (202) 514-8624

OF COUNSEL:
LT KATHERINE PASIETA
United States Navy
Office of the Judge Advocate General
General Litigation

July 5, 2007

Attorneys for Defendant

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . ii

ARGUMENT . . . . . . . . . . 2

I. The Statute Of Limitations Limits This Court's Jurisdiction . . . . . . . . . . 2

II. Mr. Lockwood's Claim For Disability Retirement Pay Accrued In 1972 And Judicial Review Of That Decision Is Now Barred By The Statute Of Limitations . . . . . . . . . . 2

III. Equitable Tolling Is Not Available Under The Tucker Act; However, Assuming It Is Available, It Should Not Be Applied In This Case . . . . . . . . . . 4

A. Equitable Tolling Is Not Available Under The Tucker Act . . . . . . . . . . 4

B. Mr. Lockwood Relies Upon Inapplicable Law And Has Failed To Carry His Burden . . . . . . . . . . 5

C. Assuming Equitable Tolling Applies, The Defendant Did Not Fraudulently Conceal From Mr. Lockwood His Condition Or His Right To Disability Benefits . . . . . . . . . . 6

D. The Alleged Silencing Order Did Not Prevent Mr. Lockwood From Discussing His Condition, Nor Did It Prevent Him From Pursuing His Claim . . . . . . . . . . 8

E. The Other Instances Of Alleged Misconduct By The Government Do Not Support Equitable Tolling Of The Statute Of Limitations . . . . . . . . . . 9

IV. Mr. Lockwood's Application To The BCNR Does Not Affect This Court's Jurisdiction . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . 10

**TABLE OF AUTHORITIES**

**CASES**

Alder Terrace, Inc. v. United States,
161 F.3d 1372 (Fed. Cir. 1998) . . . . . . . . . . 5

Arbaugh v. Y&H Corp.,
546 U.S. 500 (2006) . . . . . . . . . . 2

Aubre v. United States,
40 Fed. Cl. 371 (1998) . . . . . . . . . . 8

Bowles v. Russell,
--- U.S. ---, 127 S. Ct. 2360 (June 14, 2007) . . . . . . . . . . 4

Chambers v. United States,
417 F.3d 1218 (Fed. Cir. 2005) . . . . . . . . . . 2, 3

de Ciccio v. United States,
677 F.2d 66 (Fed. Cir. 1982) . . . . . . . . . . 7

Friedman v. United States,
159 Ct. Cl. 1, 310 F.2d 381 (1962) . . . . . . . . . . 3, 4, 10

Hopland Band of Pomo Indians v. United States,
855 F.2d 1573 (Fed. Cir. 1988) . . . . . . . . . . 5

Hurick v. Lehman,
782 F.2d 984 (Fed. Cir. 1986) . . . . . . . . . . 10

Irwin v. Dep't of Veterans Affairs,
498 U.S. 89 (1990) . . . . . . . . . . 5

Japanese War Notes Claimants Association of the Philippines, Inc. v. United States,
373 F.2d 356 (1967) . . . . . . . . . . 5

John R. Sand & Gravel Co. v. United States,
457 F.3d 1345 (Fed. Cir. 2006) . . . . . . . . . . 2

Kirwin v. United States,
23 Cl. Ct. 497 (1991) . . . . . . . . . . 8

Moyer v. United States,
190 F.3d 1314 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Myers v. United States,
50 Fed. Cl. 674 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Real v. United States,
906 F.2d 1557 (Fed. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Sanders v. United States,
219 Ct. Cl. 285, 594 F.2d 804 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Sanders v. United States,
252 F.3d 1329 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Scarborough v. Principi,
541 U.S. 401 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Urie v. Thompson,
337 U.S. 163 (1949) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**STATUTES AND REGULATIONS**

10 U.S.C. § 1204 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. §2501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

38 C.F.R. § 4.25 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BRYCE F. LOCKWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-543c |
| | ) | (Judge Horn) |
| THE UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Rule 7.1(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply in support of its motion to dismiss and in response to "Plaintiff's Answer In Opposition To Defendant's Motion To Dismiss" (the "response").

In our opening brief, we established that Mr. Lockwood's disability retirement pay claim is barred by the statute of limitations and therefore should be dismissed pursuant to RCFC 12(b)(1). We then demonstrated that statutory tolling does not apply to this case. Finally, we showed that equitable tolling does not apply to the Tucker Act, but, hypothetically assuming it could, it should not apply in this case.

In his response, Mr. Lockwood makes three principal arguments. First, he argues that the statute of limitations does not apply to his post-traumatic stress disorder because no disability retirement pay claim accrued with respect to that condition. Response at 15-16. Second, he argues that equitable tolling is available under the Tucker Act, and asserts that it should be applied here because of alleged misconduct by the Government in the aftermath of the attack upon the U.S.S. Liberty. Id. at 16-18. Finally, Mr. Lockwood argues that the BCNR's implied waiver of its own statute of limitations provides him with a new avenue to obtain review of his

disability retirement pay claim before this Court.

As we demonstrate below, the assertions made by Mr. Lockwood in his response are without merit, and the United States respectfully renews its request that this Court dismiss Mr. Lockwood's complaint.

## ARGUMENT

I. The Statute Of Limitations Limits This Court's Jurisdiction

As a preliminary matter, we address Mr. Lockwood's assertion that, "Contrary to the defendant, time limits are not properly typed as jurisdictional." Response at 16 (citing Arbaugh v. Y&H Corp., 546 U.S. 500 (2006), and Scarborough v. Principi, 541 U.S. 401 (2004)). Mr. Lockwood is simply wrong on this point, as the United States Court of Appeals for the Federal Circuit has already specifically addressed the inapplicability of Arbaugh and Scarborough to cases involving 28 U.S.C. § 2501. See John R. Sand & Gravel Co. v. United States, 457 F.3d 1345, 1354-55 (Fed. Cir. 2006) (holding that this Court lacks jurisdiction over an action filed outside of the six-year statute of limitations established by 25 U.S.C. § 2501, and distinguishing Arbaugh and Scarborough), cert. granted, 75 U.S.L.W. 3474, 2007 U.S. LEXIS 6101 (U.S. May 29, 2007) (No. 06-1164).

II. Mr. Lockwood's Claim For Disability Retirement Pay Accrued In 1972 And Judicial Review Of That Decision Is Now Barred By The Statute Of Limitations

Mr. Lockwood argues that, under Chambers v. United States, 417 F.3d 1218 (Fed. Cir. 2005), his lack of knowledge about his specific right to obtain a disability retirement payment stream (as opposed to a single disability separation payment) for his post-traumatic stress disorder prevented his disability pay claim for post-traumatic stress disorder from accruing at the time of his PEB. Response at 15-16.

Mr. Lockwood presents his argument under law inapplicable to this case. The rule upon which he relies -- that "[t]he appropriate inquiry . . . is whether at the time of his separation from the [military, the plaintiff] knew that he was entitled to disability retirement due to a permanent disability that was not a result of his intentional misconduct and was service-connected," Chambers, 417 F.3d at 1226 -- applies only to service members who did not seek or receive a retirement board at the time of their separation from the military. For service members who did receive a retirement board, such as Mr. Lockwood, the Chambers decision did not disturb the long-established "first competent board" accrual rule: "The decision by the first statutorily authorized board that hears or refuses to hear the claim invokes the statute of limitations." Id. at 1224 (citing Real v. United States, 906 F.2d 1557, 1560 (Fed. Cir. 1990), and Friedman v. United States, 159 Ct. Cl. 1, 310 F.2d 381, 389 (1962)).

Mr. Lockwood's PEB issued its decision on April 14, 1972. That is the date his disability pay claim accrued, and that is when the statute of limitations began to run. In this situation, it is neither necessary nor appropriate to explore the plaintiff's subjective knowledge concerning his disabling conditions or his grasp of the military disability pay laws. The PEB process puts the service member on full and adequate notice of his rights regarding his entitlement to disability pay, and six years is more than enough time to correct any perceived errors with the benefit he has received. See Friedman, 310 F.2d at 398 (stating that a service member who has received a retiring board "has adequate notice of his potential entitlement to disability retirement pay so that he can and should bring suit within six years"). In other words, by the time a service member such as Mr. Lockwood has completed his PEB, he should know all

of his rights, and he ignores them at his own peril.[1]

In a case like Mr. Lockwood's, where he has had a retiring board and his claim for military disability pay has already accrued, the plaintiff's subjective knowledge of his or her condition is relevant only with respect to tolling, to the extent it is relevant at all. Because this is a tolling argument, and Mr. Lockwood addresses equitable tolling in the second part of his argument, we discuss it together with his other tolling arguments.

## III. Equitable Tolling Is Not Available Under The Tucker Act; However, Assuming It Is Available, It Should Not Be Applied In This Case

### A. Equitable Tolling Is Not Available Under The Tucker Act

As we demonstrated in our motion, equitable tolling is not available under 28 U.S.C. § 2501. Additionally, the United States Supreme Court has recently stated that "this Court has no authority to create equitable exceptions to jurisdictional requirements" when it rejected the petitioner's argument to toll the statute of limitations for filing a notice of appeal. Bowles v. Russell, --- U.S. ---, 127 S. Ct. 2360, 2366 (June 14, 2007). Equitable tolling is not applicable to this case.

[1] Furthermore, as we established in our motion, disability retirement pay claims are not severable, nor do they multiply, by disease; a service member holds but one disability retirement pay claim. Friedman, 310 F.2d at 400-401 ("[O]ut of one set of facts and circumstances involving the claimant's separation from service there arises but one claim for the same kind of relief (money, in the case of disability retirement pay claims)."). The fact that a service member has more than one disabling condition or disease does not increase his or her money claim for disability retirement benefits, it only adds another factor to the calculation of those benefits. See 10 U.S.C. § 1203(b)(4)(A) (referencing the standard schedule of rating disabilities in use by the Department of Veterans Affairs for the purpose of determining disability); 38 C.F.R. § 4.25 (VA Combined Ratings Table, demonstrating that multiple disabling conditions are factors in determining an individuals single disability rating).

B. Mr. Lockwood Relies Upon Inapplicable Law And Has Failed To Carry His Burden

In this portion of his argument, Mr. Lockwood again proceeds under inapplicable law. The cases Mr. Lockwood cites for the proposition that a statute of limitations may be tolled where the plaintiff demonstrates "the reason evidence was previously unknown, or, that the facts were concealed by the defendant," Response at 17, are cases that deal with the knowledge element in an accrual analysis, not a tolling analysis. See Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1577-78 (Fed. Cir. 1988) (discussing Urie v. Thompson, 337 U.S. 163 (1949), and Japanese War Notes Claimants Association of the Philippines, Inc. v. United States, 373 F.2d 356 (1967), and concluding that "for the purposes of section 2501, it would appear more accurate to state that ***a cause of action against the government has 'first accrued'*** only when all the events which fix the government's alleged liability have occurred ***and the plaintiff was or should have been aware of their existence***") (emphasis added)). Nevertheless, since Mr. Lockwood's subjective-knowledge arguments could be categorized under the "adversary misconduct" basis for equitable tolling enunciated by the United States Supreme Court in Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990), we address them under that aspect of the tolling framework.

Mr. Lockwood generally argues that there exist numerous issues of fact that prevent the Court from deciding the tolling issue at this time. At this stage in the proceedings, this is not enough. Mr. Lockwood's burden is to establish, by a preponderance of the evidence, that his claims are not barred by the statute of limitations. See Sanders v. United States, 252 F.3d 1329, 1333 (Fed. Cir. 2001); Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1376-77 (Fed. Cir. 1998). Where the Court's jurisdiction is at issue, the Court may look to facts beyond the

pleadings. See Moyer v.United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999). Here, the Court ordered the parties to prepare a Joint Stipulation of Facts. While we could not agree upon all of the material facts, the Joint Statement contains one section of agreed facts, as well as two separate sections in which each party individually set forth additional facts. The parties also collaborated upon and provided the Court with a Joint Statement of Issue, which clearly identified the statute of limitations issue as the Government's only challenge to jurisdiction upon this motion. Despite being given ample opportunity to present actual evidence in support of his tolling argument, Mr. Lockwood only levels bare allegations that the Government has acted improperly. For this failure alone, the Court should grant our motion. See Myers v. United States, 50 Fed. Cl. 674, 685 (2001) (rejecting plaintiff's tolling argument because the plaintiff "failed to cite any credible evidence of record, absent his own uncorroborated assertions, that demonstrates that Army officials fraudulently concealed facts or induced his waiver").

C. Assuming Equitable Tolling Applies, The Defendant Did Not Fraudulently Conceal From Mr. Lockwood His Condition Or His Right To Disability Benefits

Mr. Lockwood asserts that he was defrauded by the Government when the PEB omitted from its final analysis discussion of any disease but his ratable condition, arthralgia. He contends that the PEB should have independently investigated the potential effects "concerning the physical and mental trauma he had experienced on board the Liberty and in Nam," and informed Mr. Lockwood and his family "that these experiences had a high probability of inducing mental disease, including depression, anxiety, rage, uncontrollable anger, l[i]ability, sexual dysfunction, nightmares, flashbacks, survivors guilt, or other symptoms of shock, now diagnosed as Post Traumatic Stress Disorder." Response at 13-14. This argument was raised and rejected in Myers v. United States, 50 Fed. Cl. 674 (2001). The plaintiff in Myers argued

"that he was misled, because he claims that he was mistakenly told during counseling that only two of his diagnoses were ratable. He maintains that because he allegedly received this incorrect information, he mistakenly concurred with he findings of his PEB, asserting that the statute should be equitably tolled." 50 Fed. Cl. at 685. The Court observed that the plaintiff failed to proffer anything but "his own uncorroborated assertions," and found that the record supported a conclusion that, at the time of his discharge, the plaintiff's symptoms of various disabilities did not rise to a ratable level. Id.

In this case, there is nothing in the record to rebut the presumption that the physicians who conducted Mr. Lockwood's 1972 PEB faithfully and competently discharged their duty to properly evaluate Mr. Lockwood. See Sanders v. United States, 219 Ct. Cl. 285, 302 594 F.2d 804, 813 (1979) (stating that there is a presumption that administrators of the military discharge their duties correctly, lawfully, and in good faith); deCiccio v United States, 677 F.2d 66 (Fed. Cir. 1982) ("The unsupported argument that [the examining doctor's] examination was 'cursory' does not overcome the presumption that [the examining doctor] faithfully performed his duty."). Mr. Lockwood's medical chronology entry for June 1, 1972, states:

> C/O falling asleep when talking, esp. in afternoon. Extreme fatigue, presently taking ASA gr xv qid. I hesitate to prescribe stimulants. Will ask Dr. Scott to see patient. [illegible signature]
>
> Sxs of anxiety and depression related to medical retirement from USMC after 13 years. Also his physically active life has been limited by his medical sxs. Heightened awareness of physiotropic sleep cycle. No meds. Will follow as OP or [illegible] basis. [illegible signature]

Joint Statement of Facts ¶ 36, AR 176.

This is the only evidence Mr. Lockwood cites to support his argument that the

Government fraudulently concealed his rights from him. This evidence, standing alone, shows that, at the time of his discharge, Mr. Lockwood presented with symptoms of depression due to the imminent end of his 13-year military career, that the physicians considered these symptoms, and that they did not rate him for any psychiatric infirmity. Therefore, the military physicians presumably concluded that Mr. Lockwood's depressive condition at the time of his discharge was not ratable for purposes of an entitlement to disability retirement pay. Finally, the fact that Mr. Lockwood's new condition (post-traumatic stress disorder) did not have a diagnostic name at the time of his PEB does not change this result. See Aubre v. United States, 40 Fed. Cl. 371, 379 n. 10 (1998) ("[E]ven though PTSD had not been 'given a diagnostic name until 1980 . . . its symptoms . . . would have been overt and noticeable had they been so inhibiting as to affect [plaintiff's] fitness for duty.'") (quoting Kirwin v. United States, 23 Cl. Ct. 497, 507 n. 13 (1991)).

D. The Alleged Silencing Order Did Not Prevent Mr. Lockwood From Discussing His Condition, Nor Did It Prevent Him From Pursuing His Claim

Mr. Lockwood alleges that the Government prevented him from discussing his symptoms of post-traumatic stress disorder because it issued a "silencing order" after the attack upon the U.S.S. Liberty. Response at 17; Cmplt. ¶ 3(hh)(2). However, his allegations demonstrate that the alleged silencing order did not, in fact, prevent him from discussing the attack upon the Liberty with virtually anyone who would listen, including his fellow Marines during his tour in Vietnam, Compl. ¶ ¶ 3(nn), his wife, id. at ¶ 3(oo), (pp), his psychiatrist, id. ¶ 3 (yy), and medical professionals at various VA hospitals, id. ¶ 3 (eee). Indeed, the only evidence linking Mr. Lockwood's discussion of his psychiatric problems and the military doctors is an excerpt from his own affidavit submitted in support of his BCNR application:

> I spoke to several people about my flashbacks. Frankly, I never let on that the NAM duty was becoming a part of them. I merely described the Liberty part. Among those I talked to was an older Gunnery Sergeant I felt comfortable (safe) with, one of our company corpsman, and, a few fellow Marines. Everyone said the flashbacks were common among vets. They implied that it was understandable I was having them because this was my first "real combat" experience. Their advice was: "Have a few more beers; you'll get over it in time." Everyone said I'd be nuts to talk to any medic or officer about it. That would end my Marine career. I was fixed on my intent to be a career Marine. Thus, except for these few discussions, I kept this to myself and kept drinking more and more.

Compl. ¶ 3(nn); AR 156-157.

Thus, it appears that any lack of discussion between Mr. Lockwood and his doctors at his PEB about his psychiatric issues was caused not by interference by the Government, but by Mr. Lockwood's own conscious choice. This Court should not toll the statute of limitations where the veteran knew of his condition but chose to hide it during his PEB.

Also, if the Court were to accept Mr. Lockwood's allegation that the silencing order existed and prevented him from filing his claim, and the Court were to apply equitable tolling, the statute should not be tolled beyond 1998. By this point, it is clear that the alleged silencing order was not interfering with Mr. Lockwood's ability to pursue his legal claims, as this is the year he filed his initial application with the BCNR. If the statute began to run in 1998, then Mr. Lockwood should have filed his complaint in this Court no later than 2004, and this Court still lacks jurisdiction to entertain his claim.

E. <u>The Other Instances Of Alleged Misconduct By The Government Do Not Support Equitable Tolling Of The Statute Of Limitations</u>

Finally, in addition to the allegedly fraudulent actions already discussed, Mr. Lockwood also states that the statute should be tolled in this case because the Government (1) published a

knowingly false report on the attack of the U.S.S. Liberty; and (2) failed to respect and protect the crew of the U.S.S. Liberty. Response at 17-18. Mr. Lockwood does not explain, and we are unable to discern, how these alleged actions prevented him from filing his claim within the limitations period. They therefore should not form a basis for tolling the statue of limitations.

IV. Mr. Lockwood's Application To The BCNR Does Not Affect This Court's Jurisdiction

In the third section of his argument, Mr. Lockwood appears to contend that, because the BCNR did not invoke its statute of limitations, neither can this Court. Response at 18. This argument ignores the long-established rule that recourse to a corrections board in this type of case is permissive, not mandatory, and it does not toll the statute of limitations. Friedman, 310 F.2d at 390, 396-98 (1962) (a subsequent petition to a military correction board does not toll the running of the limitations period, nor does the denial of such petition it cause a new claim to accrue); Hurick v. Lehman, 782 F.2d 984, 987 (Fed. Cir. 1986) ("[T]he Court of Claims . . . has held that resort to a Correction Board is permissive (rather than a mandatory) step, which does not suspend the running of the statute."). The BCNR's action upon Mr. Lockwood's application did not restore this Court's jurisdiction over his claim.

**CONCLUSION**

For these reasons, as well as those stated in our motion, we respectfully request the Court to dismiss the complaint for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

OF COUNSEL:

/s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel. (202) 616-0170
Fax. (202) 514-8624

LT KATHERINE PASIETA
United States Navy
Office of the Judge Advocate General
General Litigation

July 5, 2007

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on July 5, 2007, a copy of the foregoing "Motion to Dismiss" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Devin A. Wolak
DEVIN A. WOLAK